PER CURIAM:
Claimant, Linda Nelson, seeks an award of $119.25 from respondent, Division of Highways, for damage to her vehicle. On October 7, 1994, at approximately 8:30 p.m., Ms. Nelson stopped at a BP gas station along Route 32 in the town of Davis, West Virginia. As Ms. Nelson exited the gas station, she drove her 1990 Subaru Legacy over a steel sign post. The sign post was located on respondent's right-of-way, and it extended between six and eight inches out of the ground. As a result, the right rear tire of Ms. Nelson's vehicle was damaged. According to Ms. Nelson, her insurance did not cover any of the damage to the vehicle.
Dayton Zirkle, the sign shop supervisor for respondent in district eight, testified that his responsibilities include installing new signs, maintaining existing signs, and applying pavement markings to road surfaces. Ms. Zirkle also explained that nine "no parking" signs were installed in the vicinity of Ms. Nelson's accident by respondent on July 24, 1990. However, according to Mr. Zirkle, he was not aware that the signs had been knocked down.
This Court has consistently followed the principle that the State is neither an insurer nor a guarantor of the safety of persons traveling on its highways. Adkins v. Sims, 130 W. Va. 645, 46 S.E.2d. 81 (1947). For respondent to be held liable for damage caused by a defective road condition, it must have had either actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986). The evidence in this case indicates respondent was unaware of the protruding steel post before October 7, 1994. Therefore, claimant has not established negligence on the part of the respondent. Accordingly, it is the opinion of the Court that this claim must be denied.
Claim disallowed.